## IN THE COURT OF APPEALS OF IOWA

No. 15-0186
Filed August 5, 2015

**IN THE INTEREST OF A.M. AND M.M.,**
**Minor Children,**

**S.A., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother appeals from an order terminating her parental rights. **AFFIRMED.**

Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Annette Taylor, Assistant County Attorney, for appellee State.

ConGarry Williams of the Polk County Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswsaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

The juvenile court terminated the mother's parental rights to her children, A.M., born in 2008, and M.M., born in 2009, pursuant to Iowa Code section 232.116(1)(b), (d), (e), (f), and (i) (2013). The mother appeals.

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the trial court's fact findings, especially when considering the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g).

"The first step in our analysis is to determine if a ground for termination exists under section 232.116(1)." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). However, the mother does not dispute the existence of the grounds for termination, and thus, "we need not address the first step of our review." *See id.*

> The second step in the analysis is to consider the factors under section 232.116(2). Section 232.116(2) requires us to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

*Id.*

The mother contends termination of her parental rights was not in the children's best interests because they are in their father's custody, and the parties' had reached a stipulated custody agreement. The mother claims she was financially unable to obtain a custodial order from the district court, but the record belies her claim that her financial circumstances are solely to blame for the lack of a district court order. During a July 2, 2014 hearing, the mother claimed she would have the money for filing the stipulated custodial order the

next Friday. She did not follow through. The department of human services has offered to reimburse the necessary fee. Again, there was no follow through from the mother.

The mother has not seen her children since December 2013. The last time she called the children was August 25, 2014. She testified she had access to telephones but did not call because "it's very complicated as you're thinking about two small children who I have not seen basically for a year and wonder, okay, do I want to—you know, it's a hard fact to face." Whatever bond the mother and the children may have had has been eroded over time due to a lack of contact. The father testified the children do not ask about the mother anymore. Under the circumstances presented here, termination of the mother's parental rights, and of her intermittent involvement in the children's lives, will best provide for the consistency and stability the children need.

Finally, we must decide if any exceptions to termination exist under section 232.116(3). *P.L.*, 778 N.W.2d at 41. The mother claims termination is unnecessary because the children are in their father's custody and she is willing to visit them at his discretion. *See* Iowa Code § 232.116(3)(a) (providing the court "need not terminate the relationship between the parent and child if . . . [a] relative has legal custody of the child"). "A finding under [section 232.116] subsection 3 allows the court not to terminate." *A.M.*, 843 N.W.2d at 113. But the "'factors weighing against termination in section 232.116(3) are permissive, not mandatory,' and the court may use its discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply

the factors in this section to save the parent-child relationship.'" *Id.* (citation omitted). This is not such a case.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**